THE McCALL COMPANY, DEFENDANT, v. JOHN L. MERRITT, PROSECUTOR.

Submitted March 19, 1901—Decided June 10, 1901.

A state of demand founded upon a contract for the furnishing of several different kinds of goods at different prices, describing the goods as sundries, is sufficient when it appears that the defendant has had the opportunity of presenting his defence, and has not been surprised or misled thereby.

---

On *certiorari.*

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the prosecutor, *Ernest Koester.*

For the defendant, *Hart & Hart.*

The opinion of the court was delivered by

GARRETSON, J. The *certiorari* in this case brings up a judgment of the Court of Common Pleas of Bergen county, upon appeal from a judgment of a justice of the peace upon the verdict of a jury. Reversal of this judgment was sought upon the ground that the state of demand was not sufficiently specific in demanding of the defendant "a further sum as per the said contract specified for all other goods and sundries delivered" by the plaintiff to the defendant at the defendant's request, and that the account annexed to the demand is also defective in that a number of items therein are simply designated "sundries."

Section 113 of the Justices' Courts act (*Gen. Stat., p.* 1886) extends section 138 of the Practice act, authorizing amendments, to Courts for the Trial of Small Causes, and to the Courts of Common Pleas on appeals taken thereto, but contains a proviso that if objections are made before the justice to any process or pleading which might be amended by the justice, and no such amendment shall be made, the Court of Common Pleas shall not have power on the trial of the appeal to make any amendment in respect to the same matter.

The record does not show any objection on this account before the justice. If that is so, objection might be made in the Common Pleas, and it appearing that objection was made in the Court of Common Pleas, and that court did not make any amendment, the sufficiency of the state of demand will be for this court to determine. If, as the prosecutor maintained in his brief, objection was taken before the justice, and the justice did not amend, then the same objection could not be taken in the Common Pleas, and the sufficiency of the state of demand as filed would, in that event, be for this court to determine. *Fine* v. *High Bridge M. E. Church,* 15 *Vroom* 148; *Brant* v. *Froelich,* 20 *Id.* 336; *Davis* v. *Osborne,* 22 *Id.* 101; *Jones* v. *Cook,* 25 *Id.* 513.

The state of demand sets forth that "the plaintiff demands of the defendant the sum of $200 in an action of contract, to wit, the sum of $188.32, for that whereas the defendant contracted with the plaintiff on August 27th, 1897, and the

plaintiff, at the request of the defendant, bargained, sold and delivered under and by the terms of the said contract a stock of patterns, called the 'McCall Bazaar Patterns,' at the uniform price of seventeen and one-half cents for each pattern (except those retailed at ten cents, the price of which is five cents each), amounting to the sum of $125, not including the October issue; also shipped each month to the defendant one of the new monthly patterns, one of each size of each style, at the same price as above, commencing with the November issue; also fashion sheets and other publications, &c., in quantities and prices as specified in the said contract, and by the terms of which contract the said defendant agreed to pay for the stock, goods and chattels in the said contract mentioned, in manner following, viz.: [setting out the amounts, and, when due, of the installments of the $125]; also a further sum, as per the said contract specified, for all other goods and sundries delivered by the said plaintiff to the said defendant, at the said defendant's instance and request, and according to the conditions and terms of the said contract above mentioned."

The state of demand also alleges delivery of "the said stock, goods, chattels and sundries specified in the said contract," and the performance of the conditions, "yet the defendant, disregarding his promises, made default in the payments and failed to perform the conditions therein specified, and hath failed to pay for the said stock, goods and chattels, &c., according to the conditions of the said contract; that although the plaintiff delivered the said goods, chattels and sundries therein specified, and hath performed all the conditions under the said contract, yet the defendant has only paid the sum of $27.46 as follows." There is then an allegation that the dates upon which the payments came due have passed and that the defendant was notified to pay the sums due under the contract, and "although the period limited for the payment of the said stock, goods, chattels and sundries, is long past due, the defendant has not paid the same."

Annexed to the state of demand is what is called an account, containing items, the first of which is: "1897, Sept. 2.

To bill rendered, $125," with four items under different dates for different amounts designated as "sundries," and it is to these for which the objection is directed.

This is not a suit upon a book account, but upon a contract. The contract is in the form of an order from the defendant to the plaintiff, and, as far as can be gathered from the case, and from this order, the stock of patterns for which the $125 was to be paid is therein specially ordered, and, in addition thereto, the order or contract contains directions as set out in the state of demand, to ship each month to the defendant one of the new monthly patterns, one of each size of each style, at the same price as the stock of patterns included in the $125; also fashion sheets and other publications in quantities and prices as specified in the order, and these monthly shipments are what are indicated as sundries, the order or contract itself designating the quantities and prices of the articles so furnished.

The defendant, therefore, by the state of demand, was, we think, sufficiently apprised of the claim made against him, and as the case was twice tried, and the contract offered in evidence, the defendant was not so surprised as to prevent him from offering in evidence any defence which he might have had to these items.

The judgment, therefore, should be affirmed.